FILED

MAY X 4 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Jesus R LOPEZ,<br><br>    Petitioner,<br><br>        v<br><br>Anthony HEDGPETH, Acting Warden of Salinas Valley State Prison,<br><br>    Respondent. | Case No 1-8-cv-742-VRW-HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner Jesus R Lopez, a prisoner incarcerated at Salinas Valley State Prison in Soledad, California, seeks a writ of habeas corpus pursuant to 28 USC § 2254. In his petition, he challenges his conviction for first-degree murder.

I

    Petitioner was tried jointly with codefendants Stacey Daniella Dyer and Daniel Justin Ortega for the killing of Donald Jameson Hunter. The jury convicted all three defendants and found true the special circumstances that the murder was committed during a robbery, a kidnaping, and a carjacking. In

1 addition, each defendant was found guilty of robbery and
2 kidnaping, and an arming allegation was found true as to the
3 murder and robbery counts.

4 In a reasoned opinion, the court of appeal affirmed the
5 convictions. People v Lopez, No F045815, 2007 WL 738787 (Mar 12,
6 2007), modified on denial of rehr'g, 2007 WL 900971 (Cal Ct App
7 Mar 26, 2007). The state supreme court denied the petition for
8 review without comment.

## II

### A

12 The Sixth Amendment to the Constitution of the United
13 States provides: "In all criminal prosecutions, the accused shall
14 enjoy the right . . . to be confronted with the witnesses against
15 him." US Const amend VI. Pursuant to the Confrontation Clause,
16 testimonial extrajudicial statements against a criminal defendant
17 are barred. Crawford v Washington, 541 US 36 (2004). In
18 particular, the Confrontation Clause prohibits prosecutions
19 "where the powerfully incriminating extrajudicial statements of a
20 codefendant, who stands accused side-by-side with the defendant,
21 are deliberately spread before the jury in a joint trial."
22 Bruton v United States, 391 US 123, 135-36 (1968). However, a
23 codefendant's extrajudicial statement is not powerfully
24 incriminating against a defendant if it does not contain or is
25 redacted to eliminate any reference to the defendant's existence;
26 the admission of such a statement with a proper limiting
27 instruction is permissible. Richardson v Marsh, 481 US 200
28 (1987).

At petitioner's trial, the superior court admitted statements made by Dyer and Ortega, the codefendants with whom he was jointly tried. Petitioner's first claim in his federal habeas petition is that the admission of these statements violated his rights under the Confrontation Clause.

As the court of appeal observed and as confirmed by the present court's independent review of the record, the statements at issue were sufficiently redacted and were admitted with an appropriate limiting instruction. Thus the "statements were not powerfully incriminating against anyone causing jurors to ignore the instruction from the court limiting the use to each particular defendant who made the statement." Lopez, 2007 WL 738787, at *7.

In short, the codefendants' statements did not implicate petitioner; the codefendants therefore were not rendered witnesses against petitioner. Accordingly, the admission of the statements did not violate petitioner's right "to be confronted with the witnesses against him," US Const amend VI.

B

In addition to the right of a criminal defendant to confront witnesses against the defendant, the Sixth Amendment guarantees the right of an accused "to have the assistance of counsel for his defence." US Const amend VI. The Fourteenth Amendment ensures fair trials for criminal defendants with its provision that "No state shall . . . deprive any person of . . . liberty . . . without due process of law. . . ." US Const XIV §

3

1. Petitioner's second and third claims in his federal habeas petition are that the failure to exclude the testimony of former codefendant Ramiro Roman at petitioner's trial violated his Fourteenth Amendment right to a fair trial and his Sixth Amendment right to counsel.

Mario DiSalvo was the private attorney who represented Roman; petitioner was represented by the public defender's office. While representing Roman, DiSalvo visited petitioner in jail and conversed with him some number of times without petitioner's counsel being present. Roman subsequently testified against petitioner in exchange for pleading guilty to one count of robbery.

Petitioner contends that DiSalvo's visits to and conversations with petitioner in the absence of his counsel were improper such that they rendered Roman's testimony inadmissible. Petitioner further contends that the failure to exclude Roman's testimony was prejudicial because absent such testimony the record is much less clear as to whether petitioner carjacked Hunter's truck and kidnaped Hunter.

This court's independent review of the record confirms that the court of appeal correctly concluded that "error, if any, in failing to exclude Roman's testimony was harmless" because Roman's testimony was largely cumulative. In particular, Roman's testimony "differed in very few respects" from the testimony of another former codefendant, Alfred Cruz; contrary to petitioner's unsupported assertion, Cruz's testimony against petitioner was not "garbled." Moreover, petitioner was permitted to present, and did present, evidence to the jury that detailed DiSalvo's

4

behavior so as to call Roman's testimony into question. In short, "Roman's testimony added little to the evidence against" petitioner. Lopez, 2007 WL 738787, at *18. Accordingly, petitioner's second and third claims for relief must fail.

III

Accordingly, and good cause appearing therefor, the court hereby denies petitioner's petition for a writ of habeas corpus. The clerk shall enter judgment in favor of respondent, terminate all motions and close the file.

It is so ordered.

VAUGHN R WALKER
United States District Chief Judge